Case Number: CACE-20-018989 Division: 18
Filing # 116648717 E-Filed 11/13/2020 11:50:32 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.:

**Barbara Kantor,**
    **Plaintiff,**

vs.

**Tripp Scott, P.A.,**
**A Florida Corporation**
    **Defendant.**
_____/

## CLASS ACTION COMPLAINT WITH DEMAND
## FOR JURY TRIAL

**NATURE OF ACTION**

1.  Plaintiff Barbara Kantor ("Plaintiff") brings this putative class action against Defendant Tripp Scott, P.A. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., individually and on behalf of all others similarly situated.

**JURISDICTION**

2.  This State Court has concurrent jurisdiction to hear a FDCPA claim, 15 U.S.C. § 1692k(d).

**VENUE**

3.  Venue in this Court is proper because Plaintiff resides in Broward County, because the acts and conduct giving rise to Plaintiff's action took place in Broward County, and because Defendant transacts business in this District, and has its principal office in this District.

**PARTIES**

4.  Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Broward, and City of Weston

5.  Tripp Scott, P.A., is a Florida Profit Corporation with a principal office located in the Broward County, Florida.

**GENERAL ALLEGATIONS COMMON TO PLAINTIFF AND CLASS**

6.  Defendant Tripp Scott, P.A. regularly collects or attempts to collect debts for other parties.

7.  Defendant Tripp Scott, P.A. is not a business whose principal purpose is the enforcement of security interests.

8.  Defendant Tripp Scott, P.A. is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9.  Defendant Tripp Scott, P.A. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Defendant sought to collect from Plaintiff an alleged defaulted or past-due debt arising from alleged nonpayment of homeowners' association maintenance dues with fees and costs.

12. The alleged debt Defendant sought to collect from Plaintiff is for an alleged obligation for money, goods, insurance, or services for primarily personal, family, and household purposes, specifically, maintenance fees for Plaintiff's residence.

13. Defendant Tripp Scott, P.A. sent a collection letter dated November 15, 2019 to Plaintiff Barbara Kantor.

**COUNT I**
**15 U.S.C. § 1692g(b) OVERSHADOWING**

14.     Plaintiff realleges paragraphs 1- 13 above.

15.     The November 15th demand letter states: "The association has advised us that the following amounts are currently due on your account to the association and must be paid within 45 days after this receipt of this letter." The very next paragraph continues: "This letter shall serve as the association's notice of intent to record a claim of lien against your property no sooner than 45 days after your receipt of this letter, unless you pay in full the amounts set forth below."

16.     Taken together the statement "must be paid within 45 days after this receipt of this letter," coupled with the statement "This letter shall serve as the association's notice of intent to record a claim of lien against your property no sooner than 45 days after your receipt of this letter, **unless you pay in full the amounts set forth below**" (November 15, 2019 collection letter, bolding added) overshadow the smaller italic print that follows the signature block in the November 15, 2019 collection letter where the debt collector provides portions of the required notice of the alleged debtor's right to dispute the alleged debt.

17.     The Eleventh Circuit applies the "least sophisticated consumer" standard to determine whether a debt collector's communication violates the FDCPA. This objective "least sophisticated consumer" standard does not consider whether the particular plaintiff or consumer was deceived or misled; instead, the question is whether the "least sophisticated consumer" would have been deceived by the debt collector's conduct. The "least sophisticated consumer" would think that if more than 45 days passed from the day the letter was received a lien could be recorded leading to the loss of the family home.

18.     The right to dispute an alleged debt statement which is required by 15 U.S.C. § 1692g(b) contained in the November 15, 2019 collection letter is found under the closing signature and the

font used is smaller when compared to the rest of the letter. Further, the defective 15 U.S.C. § 1692g(b) notice is sandwiched between other text.

19. Defendant's actions in preparing and sending the letter and similar letters were intentional and ongoing.

20. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to 15 U.S.C. §1692k.

21. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1692k.

**Wherefore,** Plaintiff seeks statutory damages, attorney fees, and costs.

**COUNT II**
**FALSE ASSERTION THAT DEBTORS' DISPUTES MUST BE IN WRITING**

22. Plaintiff repeats and re-alleges each factual allegation above.

23. 15 U.S.C. §1692g(a)(3) states a debt collector must provide debtor with:

> (3) [A] a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

24. Defendant's Demand Letter states the consumer must dispute the debt in writing despite the clear wording of 15 U.S.C. §1692g(a)(3) which contains no writing requirement in order for the consumer to dispute the debt.

25. Defendant, through their Demand Letter, deprived Plaintiff and the proposed Class of their statutory right to be informed of the information required to be provided by Defendant to Plaintiff and the proposed Class pursuant 15 U.S.C. §1692g(a)(3), namely, that the debt, or any portion thereof, could be disputed by a means other than in writing prior to Defendant being allowed to assume the validity of the debt.

26. By not including the information required pursuant to 15 U.S.C. §1692g(a)(3), Defendant has deprived Plaintiff and the proposed Class of their right to receive the information required by the *FDCPA* and deprived Plaintiff and the proposed Class of their legal rights under the *FDCPA* regarding their ability to dispute the validity of the alleged debt owed.

27. Defendant's actions in preparing and sending the letters were intentional and ongoing.

28. 15 U.S.C. § 1692e states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

29. Defendant's collection letter misleadingly states that Plaintiff and the proposed Class must dispute their alleged debts in writing despite the clear wording of 15 U.S.C. §1692g(a)(3) which contains no writing requirement in order for the consumer to dispute the debt.

30. Defendant's Demand Letter would be confusing and misleading to the least sophisticated consumer with regard to his/her/their legal rights as it states that the consumer must dispute the debt in writing despite the clear wording of 15 U.S.C. §1692g(a)(3) which contains no such writing requirement.

31. Defendant's actions in preparing and sending the letters were intentional and ongoing.

32. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to 15 U.S.C. §1692k.

33. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1692k.

**Wherefore,** Plaintiff seeks statutory damages, attorney fees, and costs.

**CLASS ALLEGATIONS**

34.     Plaintiff repeats and re-alleges each factual allegation above.

35.     Defendant's letter to Plaintiff was dated November 15, 2020. Defendant sent letters containing effectively similar language to each Class Member. The claim or defense of the representative Plaintiff raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class.

36.     Based on information and good faith belief, Plaintiff alleges Defendant has sent more than 40 collection letters that have the overshadowing threat without sufficient explanation of the consumer's right to and false assertion that debtors' disputes must be in writing as described above to individuals in Broward and Ft Lauderdale Counties in the State of Florida in the year prior to the filing of this action. This estimate is based upon the number of liens recorded by Tripp Scott on behalf of HOAs. Moreover, the numerous initial collection letters filed by Tripp Scott in the Broward and Miami Dade County Courts that Plaintiff's counsel has found each contain the overshadowing and false assertion that debtors' disputes must be in writing described above. The members of the Class are so numerous that separate joinder of each member is impracticable.

37.     Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following classes against Tripp Scott:

**(a) Overshadowing Class:**

All consumers as defined by FDCPA, in the State of Florida who received a letter from Defendant attempting to collect consumer debt within one year before the date of this complaint, excluding those who have already waived or relinquished claims against Defendant for violation of the FDCPA, where the letter instructs the debtor on the first page that the debt "must be paid within [X] days" after receipt or sending of the letter and/or that claims an "intent" to file a claim of lien against the property "no sooner than [X] days" after receipt or sending of the letter, unless the debtor pays in full the amounts claimed, and wherein the notice of the right to dispute the debt is made only in smaller font, on a following page, and after the signature.

**(b) False and misleading assertions that disputes must be made in writing Class:**
All consumers as defined by FDCPA, in the State of Florida who received a letter from Defendant attempting to collect consumer debt within one year before the date of this complaint, excluding those who have already waived or relinquished claims against Defendant for violation of the FDCPA, where the notice of the right to dispute the debt states that disputes must be make in writing

38. The proposed classes specifically exclude the United States of America, the State of Florida, the presiding Judge, the Judges of the Court of Appeals, and the Justices of the Florida and United States Supreme Courts, and all officers and agents of Defendant.

39. The classes are so numerous that joinder of members is impracticable.

40. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

41. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

42. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendants' violations of 15 U.S.C. § 1692e and g; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

43. The claims of Plaintiff are typical of the claims of the classes she seeks to represent.

44. The claims of Plaintiff and of the classes originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

45. Plaintiff possesses the same interests and has suffered the same injuries as each class member of class (a) and class (b). Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

46. Plaintiff will fairly and adequately protect the interests of the classes and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members. Plaintiff will neither seek nor accept compensation for her claim that differs from what the other class members receive.

47. Plaintiff is willing and prepared to serve this Court and the proposed classes.

48. The interests of Plaintiff are compatible with and not antagonistic to those of the absent class members.

49. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, including FDCPA claims, who will adequately prosecute this action, and who will assert, protect and otherwise represent Plaintiff and all absent class members.

50. Class certification is appropriate under Fla. R. Civ. Pl.220. The prosecution of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes who are not parties to the action or could substantially impair or impede their ability to protect their interests.

51. The prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual members of the classes, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the classes.

52. Class certification is appropriate under Fla. R. Civ. Pl.220 in that Defendant has acted or refused to act on grounds generally applicable to the classes, making final declaratory or injunctive relief appropriate.

53. Class certification is appropriate under Fla. R. Civ. Pl.220 in that the questions of law and fact that are common to members of the classes predominate over any questions affecting only individual members.

54. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

55.     Jonathan Kantor will be filing a motion with Brooks Fudenberg's consent seeking to admit Brooks Fudenberg *pro hac vice*.

**JURY DEMAND**

56. Plaintiff demands a jury trial as to the issues so triable.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in Plaintiff's favor as requested above, including statutory damages, attorney fees, costs, and other relief the Court deems fair. Further Plaintiff askes that this action proceed as a Class Action and that Barbara Kantor be named lead class plaintiff and that Jonathan Kantor and Brooks Fudenberg be named class attorneys.

Date: 11/13/2020

Respectfully submitted,

Jonathan Kantor
Law Office of Jonathan Z. Kantor
Fl. Bar # 103993
304 Indian Trace #117
Weston, FL 33326
786-200-0710

And

**Paula J. Phillips, Esq.**
Phillips Perez, P.A.
2655 S. LeJeune Blvd., Suite 500
Miami, FL 33134
Office: 305-890-3300
E-Mail: pjp@phillipsperez.com