UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60306-SMITH/VALLE

BARBARA KANTOR,

    Plaintiff,

v.

TRIPP SCOTT, P.A.,
*a Florida Corporation,*

    Defendant.
_____

## **REPORT AND RECOMMENDATION TO DISTRICT JUDGE**

THIS MATTER is before the Court upon Defendant's Motion to Dismiss Plaintiff's Class Action Complaint with Prejudice and Request for Attorney's Fees (ECF No. 4) (the "Motion"). United States District Judge Rodney Smith has referred to the undersigned all pretrial motions for appropriate disposition. (ECF No. 26). Accordingly, having reviewed the Complaint (ECF No. 1-3), the Motion, Plaintiff's Response (ECF No. 11), and Defendant's Reply (ECF No. 18), and being otherwise duly advised in the matter, the undersigned respectfully recommends that the Motion be **DENIED** for the reasons set forth below.

### I.    **BACKGROUND**

The instant Motion involves two cases filed separately by husband and wife Jonathan and Barbara Kantor against Defendant Tripp Scott P.A. ("Defendant") and others that, in relevant part, allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). Both cases, discussed in more detail below, are based on Defendant's November 15, 2019 Demand Letter to Jonathan and Barbara Kantor regarding delinquent homeowners' association fees of

approximately $1,200 for the property located on Leeward Way, Weston, Florida (ECF No. 4-1) (the "Demand Letter").

On February 10, 2020, based on the Demand Letter, Jonathan Kantor, an attorney admitted in Florida,[1] filed a five-count Complaint for damages and injunctive relief against Defendant, Savanna Maintenance Association, and an attorney who worked for Defendant. *See generally Kantor v. Savanna Maintenance Assoc.*, No. 20-CV-60278-RAR (S.D. Fla. Feb. 10, 2020) (hereinafter "*Kantor I*") (ECF No. 1) (Complaint); *see also* (ECF No. 26) (First Amended Complaint for Damages and Injunctive Relief).[2] After motion practice, the parties in *Kantor I* filed a Stipulation of Dismissal with Prejudice. *See Kantor I* (ECF No. 52). The Stipulation of Dismissal in *Kantor I* is based on a Settlement Agreement and General Release (the "Settlement Agreement") that, although not filed with the Court in *Kantor I*, has been filed in support of Defendant's instant Motion. *See* (ECF No. 4-5). On October 27, 2020, the District Court dismissed *Kantor I* with prejudice based upon the parties' Stipulation of Dismissal. *See Kantor I* (ECF Nos. 52, 53).

Subsequently, on November 13, 2020, Barbara Kantor (through her husband as counsel) filed the instant class action complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for

---

[1] According to the Florida Bar website, Mr. Kantor is a graduate of the University of Miami School of Law and was admitted to the Florida Bar in 1997. https://www.floridabar.org/directories/find-mbr/profile/?num=103993 (last visited Aug. 31, 2021).

[2] The Complaint in *Kantor I* alleged five counts: Count I (violation of 15 U.S.C. § 1692g(b), which requires that debt collectors cease collection efforts until the debt is validated); Count II (violation of 15 U.S.C. § 1692e, which prohibits false, deceptive or misleading representation or means in connection with collection of a debt); Count III (violation of 15 U.S.C. § 1692e(11) for failure to disclose in subsequent communication that a communication is from a debt collector); Count IV (violation of Fla. Stat. § 720.303, which requires homeowners' associations to make certain documents available to their members within ten days of receipt of a written request); and Count V (violation of Fla. Stat. § 559.72(7) for willfully communicating or engaging in conduct with the debtor or any member of his family with such frequency as can reasonably be expected to abuse or harass). *See generally* (ECF No. 26). Only Count I, alleging a violation of § 1692g, is relevant to the instant Motion. *Compare Kantor I* (ECF No. 26) (First Amended Complaint) *with Kantor II* (ECF No. 1-3) (Complaint).

Broward County, Florida, alleging claims against Defendant for violations of the FDCPA. *See* (ECF No. 1-3) (hereinafter "*Kantor II*"). The two-count Complaint in *Kantor II* is based on the same Demand Letter at issue in *Kantor I*. *Id.* More specifically, Mrs. Kantor alleges that Defendant has violated: (i) 15 U.S.C. § 1692g(b) by "overshadowing" the language explaining a debtor's right to dispute an alleged debt (Count I); and (ii) 15 U.S.C. § 1692g(a)(3) by falsely asserting that a debtor must dispute the debt in writing. *Id.* On February 5, 2021, Defendant removed the state action to this District. *See* (ECF No. 1). On February 11, 2021, the instant Motion followed.

## II.     **LEGAL STANDARD**

To withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court's review of the sufficiency of the complaint is limited to the allegations presented in the complaint and exhibits attached thereto. *See GSW, Inc. v. Long Cty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). Moreover, all factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citations omitted); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citations omitted). Nevertheless, while a plaintiff need not provide "detailed factual allegations," the allegations must consist of more than "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555 (citations and quotations omitted). Conclusory allegations, unwarranted factual deductions, and legal conclusions masquerading as facts may result in dismissal. *United States ex rel. Keeler v. Eisai, Inc.*, 568 F. App'x 783, 792-93 (11th Cir. 2014) (citation omitted).

Also relevant to the instant Motion is the doctrine of *res judicata,* known as claim preclusion.[3] *Res judicata* "bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir.), *cert. denied*, 134 S. Ct. 61 (2013). Accordingly, a person who was not a party to a suit generally has not had a "full and fair opportunity to litigate" the claims and issues settled in that suit. *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008). Thus, applying claim preclusion to nonparties runs against the "deep-rooted" tradition that everyone should have his or her own day in court. *Id.* (citation omitted).

Tradition notwithstanding, a nonparty's claim may be precluded under certain circumstances. *Id.* (discussing six circumstances where a nonparty's claim may be precluded). Relevant here, one such circumstance is when a nonparty is "adequately represented by someone with the same interests who was a party" to the prior suit. *Id.* at 894. Another circumstance where a nonparty's claim may be precluded is "when a person who did not participate in a litigation later brings suit as the designated representative of a person who was a party to the prior adjudication," including a nonparty who later brings suit as an agent for the party who is bound by the judgment. *Id.* at 895 (citation omitted). In these limited circumstances, the party asserting claim preclusion bears the burden of establishing the following four prongs: (i) that the prior decision was rendered by a court of competent jurisdiction; (ii) that there was a final judgment on the merits; (iii) that both cases involve the same parties or their privies; and (iv) that both cases involve the same causes of action. *Lobo*, 704 F.3d at 892 (citing *In*

---

[3] *Res judicata* collectively refers to both claim preclusion and issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* (citation omitted). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in FLSD the context of a different claim. *Id.* The instant Motion involves a challenge based on claim preclusion.

*re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001)); *see also Solis v. Glob. Acceptance Credit Co., L.P.*, 601 F. App'x 767, 770 (11th Cir. 2015).

Additionally, although claim preclusion is not a defense under Rule 12(b), and generally should be raised as an affirmative defense under Rule 8(c), it may be raised in a Rule 12(b)(6) motion where the existence of the defense can be determined from the face of the complaint. *Solis*, 601 F. App'x at 771 (citation omitted); *see also Aning v. Fed. Nat'l Mortg. Ass'n*, 754 F. App'x 816, 818 (11th Cir. 2018). Thus, a court can dismiss a complaint on the basis of claim preclusion at the motion to dismiss stage. *Solis*, 601 F. App'x at 771. In so doing, a court may take judicial notice of its own records and the records of lower courts. *Id.* A district court may also consider documents attached to a motion to dismiss (without converting it into a motion for summary judgment) if the documents are central to the plaintiff's claims and are undisputed. *Aning*, 754 F. App'x at 818; *see also Speaker*, 623 F.3d at 1379 ("In ruling [on] a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.") (citation omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (same). A document is central to a complaint when it is a "necessary part of the plaintiff's effort to make out a claim." *Basson v. Mortg. Elec. Registration Sys., Inc.*, 741 F. App'x 770, 771 (11th Cir. 2018).

### III.   DISCUSSION

#### A.   The Parties' Arguments

Defendant argues that Mr. Kantor's claim in *Kantor I* is the same claim that Mrs. Kantor now asserts in *Kantor II*. *See generally* (ECF No. 4). More specifically, Defendant asserts that Mr. Kantor alleged violations of the same sections of the FDCPA pursuant to the same Demand Letter. *Id.* at 2. Defendant further argues that Mrs. Kantor benefitted from the Settlement Agreement in *Kantor I* because she regained access to the community amenities that had been suspended based on the delinquent fees described in the Demand Letter. *Id.* at 2-3, 7-8. According to Defendant: (i) the

5

settlement and dismissal of *Kantor I* constitutes a final judgment on the merits by a court of competent jurisdiction; (ii) Mrs. Kantor's interest are so aligned with Mr. Kantor's interest that they are in privity under the "virtual representation doctrine;" and (iii) Mrs. Kantor's claim in *Kantor II* arises from the same nucleus of operative facts as the claim in *Kantor I*. *Id.* at 4-10.

In addition to seeking dismissal of *Kantor II* based on claim preclusion, Defendant argues that because Mrs. Kantor is precluded from bringing this suit, she cannot serve as the class representative under Rule 23 because she lacks standing to raise the claim on behalf of a putative class. *Id.* at 11-13. Lastly, Defendant seeks attorney's fees and costs under 28 U.S.C. § 1927, arguing that Mrs. Kantor (through her attorney husband who was plaintiff in *Kantor I*) filed this action in bad faith and to harass Defendant. *Id.* at 13-16. In support of its request for fees and costs, Defendant argues that Mr. Kantor (as counsel in *Kantor II*) has unreasonably and vexatiously multiplied the proceedings by filing claims that stem from the same nucleus of operative facts as *Kantor I* to obtain double recovery on statutory attorney's fees. *Id.*

In opposing the Motion, Mrs. Kantor asserts several arguments. First, Mrs. Kantor argues that the Motion is, in essence, an unripe motion for summary judgment. (ECF No. 11 at 3-6). Mrs. Kantor further asserts that the "parties have different views of the intent behind the [S]ettlement [A]greement" in *Kantor I*, such that discovery is needed to flesh out the issues and dismissal should be denied. *Id.* at 7-10. Mrs. Kantor's primary argument is that Defendant has failed to establish the third and fourth prongs necessary to establish claim preclusion, i.e., challenging the privity of the parties and whether the claims arise from the same nucleus of operative facts.[4] *Id.* at 11-16. Lastly,

---

[4] Although Mrs. Kantor summarily addresses the second prong of the claim preclusion analysis (i.e., whether there was a final judgment on the merits), arguments made in a perfunctory manner are generally deemed waived. *See N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) (citation omitted). Accordingly, the undersigned finds that Mrs. Kantor has effectively waived her challenge to this prong of the analysis.

Mrs. Kantor generally opposes Defendant's requests for sanctions and fails to address whether she satisfies the Rule 23 standing requirement. (ECF No. 11 at 17).

### B. Defendant's Motion to Dismiss Need Not be Converted to a Motion for Summary Judgment

The undersigned finds that the Court can consider Defendant's claim preclusion arguments at the motion to dismiss stage without converting the motion to one for summary judgment. *Solis*, 601 F. App'x at 771. Rather, at this stage, the undersigned takes judicial notice of the filings in *Kantor I* as they are the District Court's own records. As well, the undersigned may consider the Demand Letter attached to the Motion because it is a central document in both *Kantor I* and *Kantor II* and its content and legitimacy are undisputed. *Aning*, 754 F. App'x at 818; *see also Basson*, 741 F. App'x at 771. Accordingly, the Court rejects Mrs. Kantor's procedural arguments that the Motion is better addressed as a motion for summary judgment. (ECF No. 11 at 7-10).

### C. Defendant Has Failed to Establish Privity Between Mr. and Mrs. Kantor

The undersigned next considers whether Mrs. Kantor's claims in the instant suit are barred as a result of *Kantor I*. As noted above, the claim preclusion analysis for a nonparty has four prongs. Here, however, Mrs. Kantor does not sufficiently challenge whether Defendant has satisfied the first two prongs. Instead, Mrs. Kantor challenges the third and fourth prongs, i.e., whether Mr. and Mrs. Kantor are in privity and whether the claims in *Kantor II* arise from the same nucleus of operative facts as the claims in *Kantor I*. *Id.* at 10-17.

In arguing that Mr. and Mrs. Kantor are in privity, Defendant relies on the "doctrine of virtual representation." *See* (ECF No. 4 at 6-8). The United States Supreme Court, however, disapproved of the virtual representation doctrine in *Taylor v. Sturgell* as overbroad. 553 U.S. at 904. Nevertheless, the *Taylor* Court noted that its decision was unlikely to occasion any great shift in actual practice because the cases using the term "virtual representation" reach results that are arguably

defensible on established grounds. *Id.* The *Taylor* Court further noted that "a party's representation of a nonparty is 'adequate' for preclusion purposes only if, at a minimum: (1) the interests of the nonparty and her representative are aligned; and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty." *Id.* at 900 (citations omitted). Additionally, adequate representation sometimes requires notice of the original suit to the persons alleged to have been represented. *Id.* (citation omitted).

In determining whether the interests of a party and nonparty are closely aligned so as to establish privity in the context of nonparty claim preclusion, the Eleventh Circuit considers several factors, including "participation in the first litigation, apparent consent to be bound, apparent tactical maneuvering, and close relationships between the parties and nonparties." *Jaffree v. Wallace*, 837 F.2d 1461, 1467 (11th Cir. 1988).[5] Moreover, although a familial relationship does not, in and of itself, confer privity status, it is an important factor when assessing the preclusive effects of a prior adjudication. *Id*.

Here, Defendant argues that Mr. and Mrs. Kantor's interests are closely aligned because: (i) Mrs. Kantor asserts FDCPA claims based on the Demand Letter addressed to both husband and wife for property they jointly own; (ii) Mrs. Kantor was referenced three times in the Complaint in *Kantor I*; and (iii) Mrs. Kantor benefited from the Settlement Agreement in *Kantor I* because she regained access to the community amenities that had been suspended based on the delinquent fees identified in the Demand Letter. (ECF Nos. 4 at 2-3, 7-8, 18 at 6). Defendant also argues that the release secured in the Settlement Agreement in *Kantor I* protected Mrs. Kantor's interest. (ECF No. 18 at 6).

---

[5] Although *Jaffree*, decided before *Taylor*, uses the later-rejected term "virtual representation," *Jaffee* falls within the permissible parameters of *Taylor's* analysis of nonparty claim preclusion. *Jaffree*, 837 F.2d 1467.

Defendant is factually correct that the FDCPA claims in *Kantor I* and *Kantor II* stem from the same Demand Letter and that the Complaint in *Kantor I* refers to Mrs. Kantor. *See* (ECF Nos. 4-1, 4-3 ¶¶ 14, 16, 40, 41). Nevertheless, the undersigned is unpersuaded that those references are sufficient to establish privity. More specifically, the references in the *Kantor I* Complaint are not evidence that Mrs. Kantor participated in *Kantor I* or consented to be bound by the Settlement Agreement. Moreover, although the underlying facts of *Kantor I* and *Kantor II* arguably raise a question of whether Mrs. Kantor and Mr. Kantor (her plaintiff-attorney-husband) "tactically maneuvered" the two actions to harass Defendant or to obtain a double recovery, there is no evidence at this stage of the litigation to confirm this suspicion. Lastly, without more, Plaintiff's marital status and joint ownership of property are insufficient to establish privity. *But see, e.g., Mesa Petroleum Co. v. Coniglio,* 787 F.2d 1484, 1490 (11th Cir. 1986) ) (affirming trial court ruling granting summary judgment against wife who was precluded from claiming an interest in real property); *Cotton v. Federal Land Bank of Columbia*, 676 F.2d 1368, 1369-71 (11th Cir.) (affirming dismissal of complaint at summary judgment where plaintiff-husband was precluded from litigating claims his wife previously had litigated), *cert. denied*, 459 U.S. 1041 (1982); *Seamon v. Bell Tel. Co. of Pa.*, 576 F. Supp. 1458, 1460-61 (W.D. Pa. 1983) (granting summary judgment where plaintiff-husband was precluded from litigating claims his wife had previously litigated), *aff'd*, 740 F.2d 958 (3d Cir. 1984).

As well, whether Mrs. Kantor benefited from the Settlement Agreement in *Kantor I* and whether the release in *Kantor I* protected her interests are issues that cannot be determined on the limited litigation record. Indeed, in opposing the Motion, Plaintiff emphasizes the intent of the Settlement Agreement, the process of drafting the agreement, and the language of the release. *See* (ECF No. 11 at 7-10); *see also* (ECF No. 4 at 10-11). But the drafting, scope, intent, and effect of the Settlement Agreement and release go beyond the allegations in the Complaint and the undisputed documents currently before the Court. Therefore, those are matters best determined after discovery

and upon a more fully developed record, such as at summary judgment. *See, e.g., Superior Energy Servs., LLC v. Boconco, Inc.,* No. CA 09-0321-KD-C, 2010 WL 1267173, at *6 (S.D. Ala. Mar. 29, 2010), *report and recommendation adopted*, 2010 WL 1487241 (S.D. Ala. Apr. 13, 2010) (denying motion to dismiss where parties disagreed on interpretation and scope of prior settlement agreement and whether it precluded action). Accordingly, Defendant has failed to establish the necessary privity that would bar Mrs. Kantor's claims.

> D. **The Court Reserves Ruling on whether: (i) Mrs. Kantor's Claim in *Kantor II* Arises from the Same Nucleus of Operative Facts as *Kantor I*; (ii) Mrs. Kantor meets the Rule 23 Standing Requirement; and (ii) Fees and Costs under 28 U.S.C. § 1927 are Warranted**

The fourth prong in the claim preclusion analysis focuses on whether both cases involve the same causes of action. *Lobo*, 704 F.3d at 892 (citing *In re Piper Aircraft*, 244 F.3d at 1296); *see also Solis*, 601 F. App'x at 770. "In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *In re Piper Aircraft*, 244 F.3d at 1297. Generally, if a case arises out of the same nucleus of operative facts or is based upon the same factual predicate as a former action, the two cases are found to be the same "claim" or "cause of action" for purposes of claim preclusion. *Id.* To be clear, claim preclusion bars the refiling of not only the precise legal theory presented in the previous litigation, but also all legal theories and claims arising out of the same operative nucleus of facts. *Id.* at 1298-99. A court, therefore, must examine the factual issues to be resolved in the second suit and compare them with the issues resolved in the first case. *Id.* at 1299.

Thus, to determine whether *Kantor I* and *Kantor II* involve the same nucleus of operative facts, the undersigned would need to examine the factual issues to be resolved in *Kantor II* and compare them with the issues resolved in the *Kantor I*. For example, Mrs. Kantor's claim that Defendant violated 15 U.S.C. § 1692g(b) by "overshadowing" a debtor's right to dispute an alleged

10

debt (Count I) and 15 U.S.C. § 1692g(a)(3) by falsely asserting that a debtor's dispute of the debt must be in writing, would have to be compared against the allegations in *Kantor I* that, among other things, Defendant violated the same subsection 1692g by its debt collection communications. *Compare* (ECF No. 1-3) (Complaint in *Kantor II*) *with* (ECF No. 26) (First Amended Complaint in *Kantor I*). Based on the procedural posture of the case, this analysis is better addressed upon a fuller record regarding the claims at issue. Moreover, since Defendant's Motion fails for lack of privity between Mr. and Mrs. Kantor, the undersigned need not determine whether Mrs. Kantor's claims in *Kantor II* arise from the same nucleus of operative facts as the claims in *Kantor I*. This conclusion, however, is without prejudice to a possible future challenge by Defendant upon a motion for summary judgment.

Similarly, because the undersigned recommends that the Court deny Defendant's Motion for failure to meet its burden to establish privity, the undersigned need not determine whether Mrs. Kantor lacks standing pursuant to Rule 23.[6] That determination is premature at this stage of the litigation.

Lastly, based on the limited record before the Court, the undersigned is unpersuaded that Defendant is entitled to attorney's fees and costs under 28 U.S.C. § 1927.[7] Accordingly, each party must bear its own fees and costs, subject to refiling if appropriate, upon a more fully developed record.

---

[6] The Court declines Defendant's invitation to find that Mrs. Kantor's failure to address Rule 23 standing should be deemed an admission that she is not an adequate class representative. *See* (ECF No. 18 at 10).

[7] Mrs. Kantor also summarily requests attorney's fees and costs. (ECF No. 11 at 17).

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Dismiss (ECF No. 4) **DENIED**.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on August 31, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
    All Counsel of Record